Paul D. Odegaard
ODEGAARD MILLER LAW PC
550 North 31st Street, Suite 200
Billings, MT  59101
Tel:   (406) 222-2222
Fax:  (406) 259-3232
paul@mtlawyers.com

Shelby B. Stover
KOVACICH SNIPES JOHNSON PC
P.O. Box 2325
Great Falls, MT 59403
Phone:  (406) 500-5000
Fax:      (406) 761-5805
shelby@justicemt.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ROSALIE A. FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA CVS PHARMACY, LLC.; and DOES A-Z, Inclusive,<br><br>Defendants. | CV-22-114-BLG-SPW<br><br><br><br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

COMES NOW, Plaintiff Rosalie A. Foster ("Plaintiff"), through counsel of record, states and alleges as follows:

## PARTIES

**1.**

Plaintiff is a natural person and citizen of Billings, Yellowstone County, Montana.

**2.**

Defendant, Montana CVS Pharmacy, LLC, ("CVS"), is a for-profit Rhode Island corporation registered to do business in Montana. CVS operates stores in Montana, including CVS Store #05301, located at 1311 Grand Avenue, Billings, Yellowstone County, Montana. Prior to and during the events at issue in this matter, CVS was responsible for ensuring Store #05301 was in reasonably safe condition.

**3.**

The true names and capacities of Defendants named herein as Does A - Z, inclusive, are unknown to the Plaintiff, who therefore brings this claim against said Defendants by such fictitious names. Plaintiff may seek leave to amend this Complaint to state the true names and capacities of Does A - Z, when the same have been ascertained, together with further appropriate charging allegations. The Plaintiff is informed, believes and alleges that each of the fictitiously named Defendants may be responsible in some manner for the occurrences and harms alleged herein and that Plaintiff's damages as

herein alleged may have been proximately caused by said Defendants' acts or omissions, whether independently or while acting in concert with the Defendants. Defendants A - Z, inclusive, are natural persons, supervisors, contractors, or other legal entities who may have caused or contributed to Plaintiff's injuries as alleged herein, while acting within the course and scope of their employment and/or agency with the Defendants.

## JURISDICTION AND VENUE

**4.**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**5.**

Plaintiff is a citizen of Montana and Defendant CVS is a citizen of Rhode Island.

**6.**

Plaintiff seeks damages which exceed $75,000.

**7.**

Venue is proper in the Billings Division of the Court because CVS is a corporation incorporated in a state other than Montana and the incident took place in Billings, Montana.

## **GENERAL ALLEGATIONS**

**8.**

On and before June 8, 2022, Defendant CVS controlled access and egress in and out of Store #05301 by way of two sets of automatic sliding

 

doors—an exterior set of two automatic sliding doors that come together in the middle and an interior set of two automatic sliding doors that come together in the middle. The doors open and close by signal from an electronic "eye" situated above each set of automatic sliding doors.

| | |
|---|---|
| Electronic "eye" and automatic sliding doors at doors at Store #05301 in open position. | Electronic "eye" and automatic sliding Store #05301 in closed position |

//

**9.**

On or about June 8, 2022, Plaintiff desired to enter Store #05301 as a customer.  To enter Store #05301, Plaintiff had to pass through both sets of automatic sliding doors.

**10.**

As Plaintiff approached the exterior set of the automatic sliding doors, she noticed a woman exiting.  After the woman exited, the doors remained open.  Plaintiff then proceeded under the electronic "eye" and through the open exterior set of automatic sliding doors.  While Plaintiff was proceeding under the electronic "eye" and through the doors, instead of remaining open until Plaintiff cleared the doors, the doors suddenly and unexpectedly closed hitting Plaintiff squarely on both of her sides causing her to fall to the ground. Plaintiff landed on the cement just outside of the exterior set of automatic sliding doors and the entrance to Store #05301.

**11.**

The exterior automatic sliding doors hit the Plaintiff so hard and so unexpectedly that she fell to the cement.  Plaintiff suffered serious and permanent injuries from being hit by the automatic sliding doors and from her resulting fall. Plaintiff's injuries included, but were not limited to, a closed head injury, a cervical strain, and a significant left humeral neck fracture with

displacement requiring admission to the hospital and a reverse total shoulder arthroplasty.

**12.**

A witness to the aftermath of Plaintiff's fall, who also rendered aid to her, had entered Store #05301 as a customer just prior to Plaintiff's attempt to enter. This witness reported that the exterior automatic sliding doors at the entrance of Store #05301 were not operating in a smooth manner on June 8, 2022. Rather, the doors were opening in "jerky" fashion and they were closing quickly—leaving a person little time to get through.

**13.**

Defendant CVS had a duty of reasonable care to safely maintain its premises and it had a duty of reasonable care to the Plaintiff and others for the safe use and operation of its automatic sliding doors.

**14.**

Defendant CVS should have anticipated the harm suffered by the Plaintiff.

**15.**

As a result of Defendant CVS' actions and/or inactions, the Plaintiff was seriously and permanently injured and has suffered, and will continue to

suffer, severe pain and disability, mental anguish, loss of wages, loss of course of life, and medical expenses.

## **FIRST CAUSE OF ACTION**
## **(Negligence Against CVS)**

**16.**

Plaintiff realleges paragraphs 1 through 15 above and incorporates the foregoing allegations as if fully set forth herein.

**17.**

Defendant CVS breached its duty of care by negligently failing to exercise due care for the Plaintiff's safety by the manner in which it failed to maintain its premises in a reasonably safe condition.

**18.**

On or before June 8, 2022, Defendant CVS was negligent in one or more of the following respects:

   a. By failing to maintain its premises in a reasonably safe condition;

   b. By operating the aforementioned faulty mechanical automatic sliding glass doors and the faulty electronic "eye" controlling access and egress to and from Defendant CVS' Store #05301;

   c. Defendant CVS knew or should have known that the faulty automatic sliding doors and the electronic "eye" component were capable of injuring the Plaintiff and others;

    d. Defendant CVS continued operating the faulty mechanical automatic sliding doors and the faulty electronic "eye" despite knowing they created a dangerous condition;

    e. Defendant CVS did nothing to correct the malfunctioning automatic sliding doors;

    f. Defendant CVS did nothing to correct the malfunctioning electronic "eye"; and

    g. Defendant CVS did not warn the Plaintiff or others of the dangerous condition created by its malfunctioning automatic sliding doors and its malfunctioning electronic "eye."

**19.**

As a direct and proximate cause of Defendant CVS' negligence, as set forth above, Plaintiff suffered, and continues to suffer, disabling injuries and damages as herein alleged.

**20.**

As a direct and proximate cause of Defendant CVS' negligence as herein alleged, Plaintiff suffered serious and permanent injuries, including but not limited to, a closed head injury, a cervical strain, and a significant left humeral neck fracture with displacement requiring admission to the hospital and a reverse total shoulder arthroplasty.

**21.**

As a direct and proximate cause of Defendant CVS' negligence as herein alleged, Plaintiff has incurred and will continue to incur substantial

medical expenses; she has suffered and will continue to suffer wage loss; she has suffered and will continue to suffer from a loss of household and personal services; she has experienced and will continue to experience great physical and mental pain and suffering; and her pattern and course of life has and will continue to be damaged.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowable by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment of and from Defendants for all damages allowed by law within the jurisdiction of this Court, together will all costs of suit and for such other and further relief to which Plaintiff may be justly entitled, including but not limited to:

1. All damages, special and general, recoverable under Montana law including but not limited to, damages for past and future medical expenses; past and future wage loss; emotional and physical pain and suffering; loss of enjoyment of established

course of life; loss of household and personal services; and incidental damages in a reasonable sum to be proven at trial;

2. All recoverable costs; and

3. Such other and further relief as the Court may deem just and equitable.

DATED this 13th day of October, 2022.

                              ODEGAARD MILLER LAW PC

                              By:  /s/ Paul D. Odegaard
                                   PAUL D. ODEGAARD
                                   550 North 31st Street, Suite 200
                                   Billings, MT 59101

                                   *Attorneys for Plaintiff*